(9 Misc. Rep. 484.)

## CAMPBELL v. UNION RY. CO. OF NEW YORK CITY.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

RAILROAD COMPANIES—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE.

An action against a railroad company for injury to property at a crossing is properly dismissed where plaintiff testifies that he drove on the track without looking for approaching cars, which he would have seen had he looked.

Appeal from tenth district court.

Action by Bernard Campbell against the Union Railway Company of New York City for injury to property by reason of negligence. The complaint was dismissed, and plaintiff appeals. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

C. C. Clarke, for appellant.

Breen & Cohalan, for respondents.

BISCHOFF, J.　There is no merit in this appeal.　Plaintiff utterly failed to show any negligence upon the part of the defendant, and, moreover, his own testimony established the fact that he failed of that duty which the law imposed upon him when attempting to drive his horse across the line of defendant's railroad.　It was his duty to look for the approach of cars before crossing the track (Burke v. Railroad Co., 73 Hun, 32, 25 N. Y. Supp. 1009), and it appears from his own statement, brought out most clearly on cross-examination, that he omitted so to do.　Moreover, had he looked, as it was his duty to do, he would have observed the approaching car, and contributory negligence is to be imputed to him by reason of his failure to so observe (Burke v. Railroad Co., supra); the evidence showing that the car could readily have been seen, in view of the condition of the track and of the highway.　The car was provided with a light, according to plaintiff's own testimony, and that of the police officer, Leary, a witness for plaintiff,—the only evidence upon the subject, and from which it appears that the light was easily discernible.　There was no question upon which the jury could be called upon to pass, and the dismissal of the complaint was obviously proper.　Discussion of the few exceptions taken upon the trial is unnecessary to demonstrate their futility.　Judgment affirmed, with costs.